887 A.2d 696

STATE OF NEW JERSEY, PLAINTIFF–RESPONDENT, v. JANICE DANIELS, DEFENDANT–APPELLANT.

Superior Court of New Jersey
Appellate Division

Submitted November 15, 2005—Decided December 16, 2005.

Before Judges SKILLMAN, AXELRAD and PAYNE.

*Yvonne Smith Segars,* Public Defender, attorney for appellant (*Susan Brody,* Assistant Deputy Public Defender, on the brief).

*Peter C. Harvey,* Attorney General, attorney for respondent (*Daniel I. Bornstein,* Deputy Attorney General, of counsel and on the brief).

AXELRAD, J.T.C. (temporarily assigned).

Defendant Janice Daniels appeals from an order denying her motion to suppress heroin seized from the interior of her automobile pursuant to a Department of Corrections (DOC) policy for

searching prison visitors.[1]  We affirm substantially for the policy reasons identified in *Jackson v. Dep't of Corr.*, 335 *N.J.Super.* 227, 762 *A.*2d 255 (App.Div.2000), *certif. denied*, 167 *N.J.* 630, 772 *A.*2d 932 (2001), as further discussed in this opinion.

This matter proceeded on stipulated facts.  Defendant and her husband arrived at the Garden State Youth Correctional Facility to visit their son, who was an inmate.  They parked their car in the visitors' parking lot, which was located about 500 feet from the entrance to the main building.

On the day in question, the DOC's drug-interdiction unit was performing a random operation at the facility.  Under the DOC policy instituted in 1999, visitors seeking entry to a prison facility may be searched by departmental staff using Ion Scan machines and search dogs and, upon a positive finding, the visitor's vehicle may be searched.  Defendant's husband passed through the initial search uneventfully; however, defendant tested positive on the Ion Scan. In accordance with the protocol, defendant was patted down and her automobile was searched.  The pat-down search revealed no evidence of contraband, but a search of defendant's pocketbook located under the passenger's seat of her automobile revealed .24 grams of heroin.

In *Jackson* we upheld the constitutionality of this DOC policy based on the institution's special needs in enforcing prison security and preventing the introduction of contraband into the facility, combined with the prison visitor's reduced expectation of privacy while on prison grounds.  335 *N.J.Super.* at 235, 762 *A.*2d 255. Defendant concedes that the institution's concerns about the potential transmission of items from visitors to inmates creates a special need for a limited search of visitors, lest they be concealing contraband.  She urges, however, that the search of a visitor's car

---

[1] Pursuant to a negotiated agreement, defendant pled guilty to the amended charge of conspiracy to possess heroin and was sentenced to a one-year probationary term.  She preserved the right to appeal the denial of her suppression motion.

is not reasonably related to the prison's legitimate interest in either preventing the importation of drugs or protecting the guards and other inmates. Defendant contends it would be physically impossible for any contraband to be transported directly from a visitor's car to an inmate, absent a human intermediary, who is subject to a mandatory personal search.

We disagree. We discern no reason to exclude a visitor's vehicle from the property subject to search under the DOC protocol. A car may be readily used to transport drugs or other contraband into an area near the prison. "[I]t is hardly a stretch to imagine a visitor leaving a contraband item in the parking lot for an inmate to recover at a later time." *State v. Putt*, 955 *S.W.*2d 640, 646 (Tenn.Crim.App.1997). The presence of officers patrolling the parking lot on visiting day may minimize such conduct but will not preclude its occurrence. Moreover, in this facility certain inmates are permitted to walk outside the prison walls on non-visiting days. Thus, the automobile searches are rationally related to the institution's interest in detecting and preventing the flow of drugs and contraband into the prison.

Our holding is consistent with that of a growing number of courts that have upheld the validity of searches of prison visitors' automobiles, even in the absence of probable cause or individualized suspicion, finding that the State's legitimate interest in keeping contraband out of penal institutions outweighs the limited intrusion on the personal privacy interest of prison visitors. *See, e.g., Spear v. Sowders*, 71 *F.*3d 626 (6th Cir.1995); *Romo v. Champion*, 46 *F.*3d 1013 (10th Cir.), *cert. denied*, 516 *U.S.* 947, 116 *S.Ct.* 387, 133 *L.Ed.*2d 309 (1995); *Neumeyer v. Beard*, 301 *F.Supp.*2d 349 (M.D.Pa.2004), *aff'd*, 421 *F.*3d 210 (3d Cir.2005); *Estes v. Rowland*, 14 *Cal.App.*4th 508, 17 *Cal.Rptr.*2d 901 (1993); *People v. Turnbeaugh*, 116 *Ill.App.*3d 199, 71 *Ill.Dec.* 862, 451 *N.E.*2d 1016 (1983); *Gadson v. State*, 341 *Md.* 1, 668 *A.*2d 22 (1995), *cert. denied, Maryland v. Gadson*, 517 *U.S.* 1203, 116 *S.Ct.* 1704, 134 *L.Ed.*2d 803 (1996); *State v. Putt, supra.*

Affirmed.